******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

STATE OF CONNECTICUT *v.* DIRREN T. CONYERS
(AC 35411)

Beach, Alvord and Keller, Js.

*Argued September 9—officially released November 17, 2015*

(Appeal from Superior Court, judicial district of New London, geographical area number ten, Jongbloed, J.)

*Neal Cone*, senior assistant public defender, with whom, on the brief, was *Lauren Weisfeld*, public defender, for the appellant (defendant).

*Leon F. Dalbec, Jr.*, senior assistant state's attorney, with whom, on the brief, were *Michael L. Regan*, state's attorney, and *Christa L. Baker*, assistant state's attorney, for the appellee (state).

*Opinion*

ALVORD, J. The defendant, Dirren T. Conyers, appeals from the trial court's judgment of conviction, rendered after a jury trial, of manslaughter in the second degree[1] in violation of General Statutes § 53a-56 (a) (1),[2] and unlawful restraint in the first degree in violation of General Statutes § 53a-95.[3] On appeal, the defendant claims that the trial court improperly declined to give the jury his proposed instruction that "one witness' testimony, if believed, can raise reasonable doubt."[4] We affirm the judgment of the trial court.

The jury reasonably could have found the following facts. In the early morning hours of April 13, 2008, several people, including the defendant and the victim, Jose Cartagena, gathered at a location on Miami Court in Groton. Many of those individuals arrived after having patronized a bar in the area, and some were intoxicated. At some point, James "Budda" Smith attacked the victim because Smith believed that the victim had "disrespected" the mother of his friend. After Smith and the victim were pulled apart, the victim headed toward his girlfriend's vehicle. Smith returned to the victim, and they resumed the fight. After that confrontation was interrupted, Smith was led to his sister's vehicle. A third fight began shortly thereafter when the victim was pulled down, by the defendant or another person, and several individuals jumped or were pulled into the fray. The defendant was at the bottom of the pile with his arm positioned across the victim's neck in a chokehold. An estimated fifteen to twenty people were involved in the altercation, and slowly they began to extricate themselves from the pile. The defendant and the victim were the only two individuals left on the ground, and people in the crowd were shouting at the defendant to release the victim. The defendant continued to hold tightly onto the victim's neck until, eventually, he was pulled away from the victim. The victim was unconscious, and his body was limp.

Officer Matthew Hammerstrom of the Groton Police Department was dispatched to the scene at 2:25 a.m. The victim was lying face up, and his eyes were partially open and rolled back in his head. He was not breathing and had no pulse. Emergency medical personnel attempted to revive him, but they were not successful. The victim was taken by ambulance to a hospital and was pronounced dead at 3:14 a.m.

The cause of the victim's death, according to Dr. Harold Carver, the chief medical examiner for the state of Connecticut, was traumatic asphyxia and neck compression. Dr. Carver concluded that the distribution of injuries inside the victim's neck was consistent with the victim having been placed in a chokehold or similar restraint. The defendant was arrested and charged with the homicide. After a jury trial, he was found guilty of

the crimes of manslaughter in the second degree and unlawful restraint in the first degree. The trial court imposed a total effective sentence of ten years incarceration, execution suspended after nine years, followed by five years of probation. This appeal followed.

The sole issue on appeal is a claim of instructional error by the trial court. The defendant argues that the court improperly denied his request to add an instruction to the court's instructions relating to the burden of proof. He claims that the instructions given, without the added language, constituted an "unbalanced statement of the law" and were "prejudicially misleading," thereby depriving the defendant of his constitutional right to a fair trial.

The following additional facts and procedural history are necessary for the resolution of this claim. After evidence was completed and counsel presented their closing arguments, the court charged the jury. In its instructions relating to the state's burden of proof, the court stated: "The state has the burden of proving that the defendant is guilty of the crimes with which he is charged. The defendant does not have to prove his innocence. This means that the state must prove beyond a reasonable doubt each and every element necessary to constitute the crimes charged.

"Whether the burden of proof resting upon the state is sustained depends not on the number of witnesses, nor on the quantity of the testimony, but on the nature and the quality of the testimony. *Please bear in mind that one witness' testimony is sufficient to convict if it establishes all the elements of the crime beyond a reasonable doubt.*" (Emphasis added.) The defendant does not claim that the italicized language in the instructions is an incorrect statement of the law but, rather, that it is an "unbalanced statement of the law without a counter-weighting explanation . . . ." According to the defendant, "it was error to instruct the jury that the state could prove its whole case on a particular charge through the testimony of a single witness, if he or she was believed, but then to refuse to instruct the jury similarly that the defendant could raise reasonable doubt sufficient for acquittal through the testimony of a single witness."

The state responds to the defendant's argument by emphasizing that the court's instructions on the burden of proof were not only a correct statement of the law; see *State* v. *Douglas F.*, 145 Conn. App. 238, 245, 73 A.3d 915, cert. denied, 310 Conn. 955, 81 A.3d 1181 (2013); but also that the instructions followed verbatim the burden of proof instructions set forth in the Connecticut Criminal Jury Instructions.[5] See Connecticut Criminal Jury Instructions (4th Ed. 2008) § 2.2-2, available at http://www.jud.ct.gov/ji/Criminal/part2/2.2-2.htm (last visited November 5, 2015). Further, the state argues that, even if this court determines that the defen-

dant's claim is constitutional in nature, it is not reasonably possible that the jury was misled. We agree with the state.

With respect to claims of instructional impropriety, the standard of review to be applied to the defendant's constitutional claim[6] is "whether it is reasonably possible that the jury was misled. . . . In determining whether the jury was misled, [i]t is well established that [a] charge to the jury is not to be critically dissected for the purpose of discovering possible inaccuracies of statement, but it is to be considered rather as to its probable effect upon the jury in guiding [it] to a correct verdict in the case. . . . The charge is to be read as a whole and individual instructions are not to be judged in artificial isolation from the overall charge. . . . The test to be applied to any part of a charge is whether the charge, considered as a whole, presents the case to the jury so that no injustice will result. . . . The charge must be considered from the standpoint of its effect on the jury in guiding [it] to a proper verdict." (Internal quotation marks omitted.) *State* v. *Pauling*, 102 Conn. App. 556, 572–73, 925 A.2d 1200, cert. denied, 284 Conn. 924, 933 A.2d 727 (2007).

Our review of the defendant's claim of instructional error requires that we examine the court's entire charge to determine whether it was reasonably possible that the jury could have been misled by the omission of the requested instruction. "While a request to charge that is relevant to the issues in a case and that accurately states the applicable law must be honored, a [trial] court need not tailor its charge to the precise letter of such a request. . . . As long as [the instructions] are correct in law, adapted to the issues and sufficient for the guidance of the jury . . . we will not view the instructions as improper." (Internal quotation marks omitted.) *State* v. *Lanasa*, 141 Conn. App. 685, 693, 62 A.3d 572, cert. denied, 308 Conn. 945, 66 A.3d 885 (2013).

Here, the defendant claims that by not including his orally proposed instruction that one witness' testimony, if believed, could raise reasonable doubt, the charge was not evenhanded and he was deprived of his constitutional right to a fair trial.[7] "We do not dispute that there may be some extreme circumstances in which the trial court may frame its instructions to the jury in such a one-sided fashion that the instructions may amount to a position of advocacy in violation of the defendant's constitutional right to an impartial tribunal." *State* v. *Walton*, 227 Conn. 32, 64, 630 A.2d 990 (1993). This is not such a case. The defendant claims that the burden of proof charge, particularly the italicized language in that charge, assisted the prosecution. He argues that without adding the orally requested charge, this "could [readily] have constituted a weighting of the scales in favor of the [state]." (Internal quotation marks omitted.)

The defendant's argument has no merit. The jury could not possibly have been misled by the court's instructions. The defendant is focusing unduly on one isolated aspect of the charge. We have reviewed the entire charge and have determined that the court continually emphasized that the state had the burden of proving every element of each crime charged beyond a reasonable doubt.[8] The instructions, taken in their entirety, made it manifestly clear that if the jury believed the testimony of one witness and that testimony negated an element of the crime charged, the jury would have to find the defendant not guilty as to that crime. Not only was the requested instruction not necessary, it also was potentially confusing and misleading.[9]

Our review of the charge as a whole leads us to conclude that the instructions were correct in law, adapted to the issues, and sufficient to guide the jury in its deliberations. We cannot say that the court's refusal to add the defendant's orally requested instruction was improper. Further, we conclude that there is no reasonable possibility that the jury was misled by the instructions as given by the court.

The judgment is affirmed.

In this opinion the other judge concurred.

[1] The defendant was charged with the offense of manslaughter in the first degree in violation of § 53a-55 (a) (3). The jury found the defendant not guilty as to that charge, but found him guilty of the lesser included offense of manslaughter in the second degree in violation of General Statutes § 53a-56 (a) (1).

[2] General Statutes § 53a-56 (a) provides in relevant part: "A person is guilty of manslaughter in the second degree when: (1) He recklessly causes the death of another person . . . ."

[3] General Statutes § 53a-95 (a) provides: "A person is guilty of unlawful restraint in the first degree when he restrains another person under circumstances which expose such other person to a substantial risk of physical injury."

[4] The above-quoted language was not included in the written requests to charge filed by defense counsel, nor did defense counsel request that language during the charging conference. Only after the court gave its charge to the jury, and the court asked counsel to state any objections to the instructions as given, did defense counsel orally request the court to add that proposed language to its instructions relating to the burden of proof. The prosecutor objected, and the court denied the defendant's request.

[5] We note that counsel discussed the language in various instructions with the court prior to the court's charge to the jury. In discussing the elements of manslaughter in the first degree, defense counsel stated: "Conduct creating a grave risk of death. It's actually on the website, grave, and we've agreed to do exactly what's on the website."

[6] The state argues that "the defendant attempts to place a constitutional tag on the claim he has raised [and] it should be deemed not to be constitutional in nature." We assume, without deciding, that the defendant's claim is constitutional in nature, but conclude that it is not reasonably possible that the jury was misled by the court's instructions.

[7] The defendant cites the United States Supreme Court case of *Wardius* v. *Oregon*, 412 U.S. 470, 93 S. Ct. 2208, 37 L. Ed. 2d 82 (1973), in support of his following claim: "Giving an instruction that assists the prosecution but refusing to instruct on its corollary which assists the defense violates the requirement of balance inherent in the concept of a fair trial." The defendant heavily relies on *Wardius* throughout his appellate brief. In *Wardius*, "Oregon prevented a criminal defendant from introducing any evidence to support his alibi defense as a sanction for his failure to comply with a notice-of-alibi rule which, on its face, made no provision for reciprocal

discovery." Id., 471–72. Oregon had no provision that required it to reveal the names and addresses of witnesses it planned to use to refute an alibi defense. Id., 475. The court held that the due process clause of the fourteenth amendment forbids enforcement of notice-of-alibi rules unless reciprocal discovery rights are given to criminal defendants. Id., 475–76. The present case is not similar to *Wardius*, particularly when, as we conclude, the instructions were balanced and evenhanded.

[8] In its charge, the court reminded the jury at least eight times that it had to determine that the state had proven the existence of every element of each crime charged beyond a reasonable doubt to find the defendant guilty of that crime. Further, the court gave the instruction that "[t]he weight of the *evidence presented by each side does not depend on the number of witnesses testifying on one side or the other*. You must consider all the evidence in the case, and you may decide that the testimony of a smaller number of witnesses on one side has greater weight than that of a larger number on the other side." (Emphasis added.) This instruction is evenhanded and undermines the defendant's argument that the court misled the jury as to the testimony of a single witness.

[9] As argued by the state, "It is at least arguable that the additional language requested by the defendant's trial attorney would actually have been harmful to the defendant. By including language that the testimony of a single witness, if believed, is sufficient to raise a reasonable doubt, the court would be suggesting that the jury must affirmatively find that the defendant proved that a reasonable doubt existed. . . . Including the defendant's proposed language . . . would suggest that the jury had to credit something in the evidence it heard in court in order to find a reasonable doubt. This is an incorrect statement of the law . . . ."